NEW YORK VITAK CO. v. LAGERGREN et al.

(Circuit Court, S. D. New York. April 22, 1908.)

PATENTS (§ 297*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

In a suit for infringement of a patent which is of recent date and unadjudicated, where the showing leaves the questions of construction and infringement in doubt, a preliminary injunction will not be granted; but defendant may be required to file statements of sales of the alleged infringing article.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 481; Dec. Dig. § 297.*

Grounds for denial of preliminary injunctions in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

In Equity. On motion for preliminary injunction.

Briesen & Knauth, for complainant.
Edward Wells, Jr., for defendants.

LACOMBE, Circuit Judge. This patent is of too recent date to admit of any proof of general acquiescence, and there has been no adjudication. Nevertheless the prima facie presumption of validity arising from issue counts for something, when the device is of such a character that the court cannot take judicial knowledge of the prior art and is not advised thereof by testimony. All information given in this case by defendant as to the prior art is hearsay. None of the witnesses give any references to prior patents, publications, or uses, although their assertions are so positive that it would seem to be easy for them to fortify such assertions by reference.

Infringement, however, depends upon the construction of claims 7 and 8, and what that construction shall be depends, also, upon a knowledge of the prior art. If the specifications were as full in statement of defects and improvements as the oral argument of complainant's counsel, its case would be stronger. But the particular fact relied on in argument, viz., that disengagement of finger and film during six-sevenths of the time allowed for movement and exposure effects a reduction of the amount of objectionable "flickering," is not asserted in the patent. The correction of "flickering" is there attributed to the absence of a shutter.

It is thought that a fair disposition of the case will be to deny injunction, if the defendant will stipulate to file monthly sworn detailed statements of sales which need not, however, contain names or addresses of customers.